## Nathaniel Nichols *versus* John Smith.

Where by the judgment upon a petition for partition by one of two tenants in com-mon of real estate, the whole was by mistake assigned to the petitioner, the coten-ant not appearing and answering to the petition, it was *held*, that such cotenant was not concluded by the judgment, but might, by virtue of Revised Stat. *c.* 103, § 43, maintain an action for his share of the land against the petitioner.

A deed by one of several tenants in common of real estate, of his share thereof in severalty, can be avoided only by the other tenants or some one of them.

This was a writ of entry to recover one undivided sixth part of a lot of land in Hancock.

At the trial, before *Putnam* J., it appeared, that in 1835, the demandant and the tenant were tenants in common of the lot in question, which was one of certain mountain lots former-ly belonging to John Tryon, deceased, the tenant claiming five sixths, and the demandant, one sixth thereof. The lot imme-diately adjoining it on the south, was on the 13th of Septem-ber, 1828, conveyed to the demandant by John T. Shepherd, who held it as one of the heirs of Tryon ; and the demandant conveyed the same to H. C. Babcock, bounding it on the north by some staddles, a known monument still existing. The ten-ant, in a petition for partition of the north lot, described it as bounding southerly on land of H. C. Babcock, the staddles being described as the southwest corner of the lot, and a stake and stones, as the monument in the southeast corner. A

straight line running from one to the other was proved to be the boundary line of Babcock.

The demandant made no defence to the suit for partition, but was defaulted ; and a regular judgment for partition was entered, and the return of the commissioners appointed to make partition was duly accepted and recorded.

It appeared, that a probate warrant had been issued for the partition of the estate of Tryon, which was not perfected ; and it was, therefore, ruled out of the case, on the objection of the demandant.

The tenant proved, that the commissioners appointed under the probate warrant did, in fact, fix the line between the north and south lots, twenty or thirty rods to the southward of the studdles. But there never was any actual occupation, nor were any conveyances made between the owners of the two lots, which referred to or recognized such line ; and it was disregarded by Shepherd, who conveyed the southerly lot in severalty, bounding it by the staddles. Those heirs of Tryon, who claimed the north lot, conveyed their shares respectively to the tenant, bounding the lot on Babcock's line. It was also proved, that the tenant, when his five sixths of the north lot were set off to him, proceeded on the ground that the north lot extended to the line fixed under the probate warrant, and took, as his purparty, all the land north of the Babcock line, (being in fact the whole of the lot owned in common,) leaving the demandant to get his sixth part between the Babcock line and the line fixed under the probate warrant.

The tenant contended, that the deed to Babcock was void as against the tenants in common of the lots of which Tryon died seised. He also contended, that it was not competent for the demandant so to disprove and contradict the record of the process of partition, as he had been permitted to do ; but this point was, for the purposes of this trial, overruled by the Court.

The demandant contended, that deeds by tenants in common, of their shares in severalty, are at most only voidable ; that if not avoided, and the heirs on one side, or one of them, convey towards the north up to a certain line and the heirs on the other side, or one of them, convey towards the south, up to the same line, then the partition, as between those who so respective-

Nichols
*v.*
Smith.

ly convey, is effectually established ; and that although the deed of Shepherd to the demandant might be voidable as respected the tenants in common of the north lot, it could not be avoided by the tenant, he being bounded in his deeds on Babcock's line.

A verdict was taken by consent for the demandant.

If the Court should be of opinion, that the verdict could not be maintained on the facts stated in the report, it was to be set aside and judgment to be rendered for the tenant ; otherwise judgment was to be rendered for the demandant.

*Sept. 20th.*  *Hubbard*, for the tenant, as to the validity of a deed by a tenant in common of land, of his share by metes and bounds, cited *Porter* v. *Hill*, 9 Mass. R. 34 ; and to the point, that the demandant was precluded from maintaining this action, the presumption being that the partition was made according to the prayer of the petition, *Cook* v. *Allen*, 2 Mass. R. 462.

*Kellogg* and *Hall*, for the demandant, cited *Cook* v. *Allen*, 2 Mass. R. 472 ; *Peirce* v. *Oliver*, 13 Mass. R. 213.

*May term 1840.*  WILDE J. delivered the opinion of the Court. This is a writ of entry, in which the demandant demands one undivided sixth part of a lot of land which, as it was proved or admitted at the trial, the parties, in the year 1835, held as tenants in common, the demandant owning one sixth part, and the remaining five sixths belonging to the tenant. The question on which the case turned at the trial, arose from a mistake as to the southerly line of the lot held in common. This line was established by uncontradicted evidence, running a straight line from certain staddles at the southwest corner of the lot to a stake and stones on the southeast corner. The tenant claimed the whole of the lot northerly of this line, which was assigned to him as his purparty, on his petition for partition against the demandant in the year 1836, he then supposing that the southerly line of the lot was twenty or thirty rods to the southward of the staddles. The demandant made no defence in that suit, but was defaulted, and a regular judgment for partition was entered conformably to the above assignment by the commissioners appointed by the court to make partition. The mistake was caused by the proceedings under a probate warrant for the partition of the southerly lot adjoining the lot in question. The dividing line between the two lots was fixed by the dividers,

under that warrant, in conformity to the tenant's claim. But this partition was never completed, as no return was made to or accepted by the judge of probate. It was therefore a mere parol division of the estate which is not binding on the parties.

The only question, therefore, now to be determined is, whether the demandant's title is barred by the judgment in favor of the tenant in his suit for partition; and this question depends on the construction to be given to the Revised Stat. *c.* 103, § 43. That section provides, that "if any person, who has not appeared and answered as aforesaid, shall claim any part of the premises mentioned in the petition, as a part-owner with those who were parties to that suit, or any of them, and if the part or share so claimed was not known, or not allowed and left for him, in the process for partition, he shall be concluded by the judgment, so far as it respects the partition; but he shall not be prevented thereby from bringing an action, for the share or proportion claimed by him, against each of the persons, who shall hold any part of the premises, under the judgment for partition."

The present case, as it appears to the Court, comes within the true meaning and intention of this section, so that the demandant is thereby entitled to maintain his action, notwithstanding the judgment in the process of partition.

The demandant did not appear and answer to the petition for partition. His share in the common property was not allowed and left for him in that process, but the whole property was erroneously assigned to the tenant. And we think he is not concluded by the judgment, so far as respects the partition; for that clause in the section manifestly applies only to cases where more than two are the tenants in common. In the present case, the premises were held by the demandant and tenant and there were no other co-tenants. The recovery consequently by the demandant of his share will not disturb the rights of any other parties, which was intended to be prevented by the clause in question. We are, therefore, of opinion, that the judgment in the process of partition is no bar to the present action.

As to the question, whether the deed of a part of the com-

Nichols
*v.*
Smith.

mon property by metes and bounds, by one of several tenants, is void, or voidable only by the other cotenants, it is well established that such a deed is voidable only by the cotenants or some one of them, and is valid against all other persons.

*Judgment on the verdict.*